# Exhibit A

Kenneth S. Thyne, Esq.
Attorney ID No 025951990
**ROPER & THYNE, LLC**
77 Jefferson Place
Totowa, New Jersey 07512
(973)790-4441
ken.thyne@njlegalmalpractice.com
*Attorney for Plaintiffs*

| | |
|---|---|
| ERIC INSELBERG and INSELBERG INTERACTIVE, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN C. BROOK, ESQ.; TIMOTHY R. CLINTON, ESQ.; CLINTON BROOK & PEED; BROOK & ASSOCIATES, PLLP; CLINTON & PEED; and JOHN DOES, ESQS., 1-10 and JANE DOES, ESQS., 1-10 (a fictitious designation for presently unknown licensed attorneys, professionals and/or unknown persons or entities), jointly, severally and in the alternative,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br>DOCKET NO.: BER-L-3659-20<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT FOR LEGAL MALPRACTICE AND OTHER CAUSES OF ACTION AND JURY DEMAND** |

Plaintiffs, Eric Inselberg and Inselberg Interactive, LLC (hereinafter "Plaintiff"), as and for their Complaint against the Defendants, Brian C. Brook, Esq., Timothy R. Clinton, Esq., Clinton Brook & Peed, Brooks & Associates, PLLP, and Clinton & Peed, say:

### FIRST COUNT

1. Plaintiff, Eric Inselberg, is an individual residing at 26th Avenue at Ford Imperial, Unit 211, West New York, New Jersey 07093.

2. Plaintiff, Inselberg Interactive, LLC, is an entity with an address of 26th Avenue at Ford Imperial, Unit 211, West New York, New Jersey 07093.

3. At all times hereinafter mentioned the law firm of Clinton Brook & Peed (hereinafter "CBP"), was either a professional corporation, a partnership, a limited liability company or other entity engaging in the practice of law in the State of New Jersey with its principal place of business at 100 Church Street, Fl. 8, New York, NY 10007.

4. At all times hereafter mentioned the law firm of Brook & Associates, PLLC (hereinafter "B&A"), with its principal place of business at 100 Church Street, Fl. 8, New York, NY 10007, is successors in interest to CBP and are liable for the acts of CBP.

5. At all times hereinafter mentioned Brian C. Brook, Esq. (hereinafter "Brook") was an attorney licensed to practice law in the State of New Jersey and an agent, employee, shareholder and/or partner of and engaged in a professional relationship with CBP and/or its successor, B&A, and for whose professional acts the CBP and/or its successor, B&A, are liable.

6. At all times hereafter mentioned the law firm of Clinton & Peed (hereinafter "C&P"), with its principal place of business at 777 6th Street NW, 11th Floor, Washington, DC 20001, is successors in interest to CBP and are liable for the acts of CBP..

7. At all times hereinafter mentioned Timothy R. Clinton, Esq. (hereinafter "Clinton") was an attorney licensed to practice law in the State of New Jersey and an agent, employee, shareholder and/or partner of and engaged in a professional relationship with C&P and for whose professional acts C&P are liable.

8. At all times hereinafter mentioned John Does, Esqs. 1-10 and Jane Does, Esqs. 1-10

(hereinafter collectively the "Does") are attorneys, professionals and/or unknown persons or entities who are associated with Defendants and/or whose identity and/or tortious acts have not yet been identified.

9. Defendant, Clinton Brook & Peed, represented Plaintiff in the matter of Inselberg v. New York Football Giants, et al.

10. Plaintiff's claims in this suit involved, *inter alia*, the fact that he suffers from post-traumatic stress disorder.

11. Defendant Brook alleged

> "The trauma from the nightmarish experience of being wrongfully and maliciously prosecuted has so adversely affected Inselberg's health, economic livelihood, personal life, and mental/emotional well-being, that Plaintiff can no longer function as the person that he was prior to this ordeal. . . Inselberg has suffered an extreme level of emotional distress. Prior to 2011, Inselberg had never sought the services of a mental health professional. Since the wrongful indictment, however, Inselberg has received ongoing treatment and counseling in an effort to cope with the destruction of his life. He has been diagnosed with post-traumatic stress disorder, panic disorder and agoraphobia, and major depressive disorder. His depression is so acute, that he has had periodic suicidal thoughts that have gone beyond mere ideation. He has gone so far as to plan his own demise."

12. Brook was aware of Plaintiff's disorder and would seek to exploit and take advantage of same for Brook's and Defendants' financial advantage.

13. Brook had Plaintiff enter into a retainer agreement with Plaintiff which provided that he would receive 30% contingency fee if a settlement is reached after the filing of lawsuit but prior to the trial date and 40% if the case was tried, or if a settlement is reached any time from the trial date forward.

14. Co-counsel who drafted the agreement indicated his intention that the 40% provision was applicable when the case was actually going to be tried, not when it was first assigned.

15. Plaintiff understood that the case would actually have to be tried for the 40% contingency to apply.

16. The case was assigned a trial date, but there was never any preparation of Plaintiff's testimony for trial or any expectation that the trial would go forward on any of the trial dates. Counsel for the defendants had a death in the family and it was made clear that the case would not try on the date the settlement was negotiated.

17. After the settlement was negotiated, Defendant threatened, coerced and exploited Plaintiff's PTSD to have Plaintiff agree to pay the 40% contingency fee.

18. Among the threats and coercion employed by Brook was the threat to allocate large amounts of the settlement to co-plaintiffs with minor claims who would owe Brook a 50% contingency fee.

19. While Plaintiff received a letter purporting to disclose the conflict of interest, Brook failed to provide full disclosure to Plaintiff and to communicate adequate information about the material risks or available alternatives.

20. Brook's actions were a deviation from the standard of care, overreaching, intentional attorney misconduct, and unethical.

21. Brook also represented Plaintiff in a lawsuit against Bisignano/First Data.

22. The retainer agreement Brook had Plaintiff enter into provided for a 20% contingency on debt reduction and an hourly rate – a facially unreasonable fee. Defendants engaged in egregious overbilling and duplicate billing.

23. In representing Bisgnano/First Data, Brook failed to document a settlement agreement by which certain valuable sports memorabilia was to be returned to Plaintiff.

24. Defendant Brook, in the Bisignano litigation, advised Plaintiff to reject a settlement agreement which would have greatly benefitted Plaintiff and negligently advised Plaintiff of his prospects of success in the litigation.

25. Plaintiff would have settled the case absent Brook's negligent advice.

26. In recognition of his legal malpractice in failing to document this, Brook agreed to waive further fees to obtain Plaintiff's memorabilia.

27. Brook, again, exploited Plaintiff's PTSD and reneged on his promise and now has threatened to sue Plaintiff for legal fees, and Plaintiff is required to institute a separate lawsuit to enforce the settlement negligently documented by Brook.

28. Brook has also threatened Plaintiff with various false allegations designed to aggravate Plaintiff's PTSD and cause Plaintiff to forego pursuing his claims for legal malpractice and pay Brook further legal fees.

29. Brook has also sought to discourage Plaintiff from bringing his legal malpractice claims by telling Plaintiff he does not have legal malpractice insurance.

30. The conduct of Defendants set forth above was egregious and extraordinary, and it was foreseeable that said conduct would and did result in emotional distress to Plaintiff.

31. It was foreseeable that Defendants' negligence would cause severe emotional distress to the Plaintiff, and Defendants' negligence proximately caused such severe emotional distress.

32. Defendant, Brook, had the duty to exercise the knowledge, skill and ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of his responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

33. Defendant, BP, had the duty to exercise the knowledge, skill and ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

34. Defendant, C&P, had the duty to exercise the knowledge, skill and ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

35. Defendant, Clinton, had the duty to exercise the knowledge, skill and ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of his responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

36. Defendant, B&A, had the duty to exercise the knowledge, skill and ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

37. Defendant, Does, had a duty to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of their respective responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

38. Defendant, Brook, breached his duty to Plaintiff by his failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession

similarly situated in connection with the discharge of his responsibilities to Plaintiff and breached his duty to utilize reasonable care and prudence in connection with those responsibilities.

39. Defendant, CBP, breached its duty to Plaintiff by its failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and breached its duty to utilize reasonable care and prudence in connection with those responsibilities.

40. Defendant, C&P, breached its duty to Plaintiff by its failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and breached its duty to utilize reasonable care and prudence in connection with those responsibilities.

41. Defendant, Clinton, breached his duty to Plaintiff by his failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of his responsibilities to Plaintiff and breached his duty to utilize reasonable care and prudence in connection with those responsibilities.

42. Defendant, B&A, breached its duty to Plaintiff by its failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and breached its duty to utilize reasonable care and prudence in connection with those responsibilities.

43. Defendant Does breached their duty to Plaintiff by their failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of their responsibilities to Plaintiff and breached their duty to utilize reasonable care and prudence in connection with those responsibilities

44. As a direct and proximate result of the negligence of Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, jointly, severally, and in the alternative, Plaintiff was caused to suffer damages.

45. Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, neglected or mismanaged Plaintiff's case and are therefore liable for all damages sustained pursuant to New Jersey Statutes N.J.S.A. 2A:13-4.

WHEREFORE, Plaintiff demands judgment against Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, jointly, severally, and in the alternative for:

    A.    Compensatory Damages;

    B.    Special and Consequential Damages;

    C.    Interest;

    D.    Costs of suit;

    E.    Attorney's fees; and

    F.    Any other relief the Court may deem equitable and just.

## SECOND COUNT

46. Plaintiff repeats, reiterates and realleges each and every Paragraph in the First Count of the Complaint as if same were set forth at length herein.

47. Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, breached their respective duties owed to Plaintiff by committing legal malpractice.

48. As a direct and proximate result of the legal malpractice of Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, Plaintiffs were caused to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendants, Brook, Clinton, CB&P, C&P,

B&A, and Does, jointly, severally, and in the alternative for:

  A. Compensatory Damages;

  B. Special and Consequential Damages;

  C. Interest;

  D. Costs of suit;

  E. Attorney's fees; and

  F. Any other relief the Court may deem equitable and just.

## THIRD COUNT

49. Plaintiff repeats, reiterates and realleges each and every Paragraph in the First and Second Count of the Complaint as if same were set forth at length herein.

50. The conduct of Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, was professionally negligent, careless and constituted a breach of the fiduciary relationship which each had with Plaintiff.

51. As a direct and proximate result of the professional negligence, carelessness, and breach of fiduciary relationship, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, jointly, severally, and in the alternative for:

  A. Compensatory Damages;

  B. Special and Consequential Damages;

  C. Interest;

  D. Costs of suit;

  E. Attorney's fees; and

    F.    Any other relief the Court may deem equitable and just.

## FOURTH COUNT

52. Plaintiff repeats, reiterates and realleges each and every Paragraph of the First, Second and Third Counts of the Complaint as though the same were set forth at length herein.

53. The conduct of the Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, constituted negligent misrepresentation.

54. As a direct and proximate result of the negligent misrepresentation by Defendants, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, jointly, severally, and in the alternative for:

    A.    Compensatory Damages;

    B.    Special and Consequential Damages;

    C.    Interest;

    D.    Costs of suit;

    E.    Attorney's fees; and

    F.    Any other relief the Court may deem equitable and just.

## FIFTH COUNT

55. Plaintiff repeats, reiterates and realleges each and every Paragraph of the First, Second, Third and Fourth Counts of the Complaint as though the same were set forth at length herein.

56. The conduct of the Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, constituted a breach of contract, oral, implied, and/or express as to the Plaintiff and a breach of the implied covenant of good faith and fair dealing.

57. As a direct and proximate result of the breach of the oral, implied, and/or express contract, and the implied covenant of good faith and fair dealing and their respective duties owed to Plaintiff, Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, caused Plaintiff to suffer damages, including special damages.

WHEREFORE, Plaintiffs demands judgment against Defendants, Brook, Clinton, CB&P, C&P, B&A, and Does, jointly, severally, and in the alternative for:

- A. Compensatory Damages;
- B. Special and Consequential Damages;
- C. Interest;
- D. Costs of suit;
- E. Attorney's fees; and
- F. Any other relief the Court may deem equitable and just.

ROPER & THYNE, LLC
*Attorneys for Plaintiff*

By:  /s/ *Kenneth S. Thyne*
KENNETH S. THYNE

Dated: 07/13/2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is hereby advised that KENNETH S. THYNE, ESQ., is designated as trial counsel herein.

ROPER & THYNE, LLC<br>
*Attorneys for Plaintiff*

By:   /s/ Kenneth S. Thyne<br>
     KENNETH S. THYNE

Dated:  07/13/2020

## JURY DEMAND

Plaintiff hereby demands a trial by jury of twelve on all issues so triable.

ROPER & THYNE, LLC<br>
*Attorneys for Plaintiff*

By:   /s/ Kenneth S. Thyne<br>
     KENNETH S. THYNE

Dated:  07/13/2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. I further certify that I have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action and that I am not aware of any other parties who should be joined in this action.

ROPER & THYNE, LLC
*Attorneys for Plaintiff*

By: */s/ Kenneth S. Thyne*
KENNETH S. THYNE

Dated: 07/13/2020

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b) and R. 4:18, demand is hereby made that you disclose to the undersigned within thirty (30) days whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

ROPER & THYNE, LLC
*Attorneys for Plaintiff*

By: */s/ Kenneth S. Thyne*
KENNETH S. THYNE

Dated: 07/13/2020