# Exhibit C

# CLINTON BROOK & PEED

**BRIAN C. BROOK**
brian@clintonbrook.com

ATTORNEYS AT LAW

641 LEXINGTON AVENUE
13TH FLOOR
NEW YORK, NY 10022
TEL: (212) 328-9559
FAX: (212) 328-9560

As of June 9, 2014

VIA EMAIL

Eric Inselberg
Inselberg Interactive, LLC
P.O. Box 833
Short Hills, NJ
einselberg@gmail.com

     **RE:**    **Engagement of Services**

Dear Eric,

    I am pleased that you have selected Clinton Brook & Peed as legal counsel to represent you and Inselberg Interactive, LLC, with respect to the matter identified below. The purpose of this letter is to set forth the terms and conditions of our representation and the basis for the fees to be charged.

    Accordingly, I submit for your approval the following provisions governing our engagement. If you are in agreement, please sign the enclosed copy of this letter in the space provided below. If you have any questions about these provisions, or if you would like to discuss possible modifications, please contact me.

    I.    NATURE AND SCOPE OF THE ENGAGEMENT

    You have requested that we represent you in connection with your dispute(s) with Frank Bisignano regarding patents and debt-related issues.

    This engagement does not include services in connection with any appeal. If an appeal is taken, a separate engagement agreement (which may or may not be based on the same billing policies and procedures) in writing will be required. In the event that all of your claims are dismissed or unanticipated or substantially unrelated counterclaims are filed against you, a separate engagement agreement in writing will be required. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you engage us after completion of the matter to provide additional advice on issues arising from the matter, we will have no continuing obligation to advise you with respect to future legal developments.

As of June 9, 2014  
Page 2

CLINTON BROOK & PEED

II.    CLIENT RESPONSIBILITIES

You agree to cooperate fully with us and to provide promptly all information and documents known or available to you that are relevant to the representation. If you provide information to me that is intentionally inaccurate or misleading, or if you are negligent in responding to our reasonable requests for information or documents, we may withdraw from this representation as provided in Section V below.

III.    BILLING POLICIES AND PROCEDURES

The Firm has agreed to take this matter on a Contingent Fee basis, meaning that we will not be paid unless we achieve a successful outcome for you as defined herein. You agree that any awards, settlements, judgments or other recoveries shall be delivered directly to me, and I will disburse the amounts to you within five (5) business days of my receipt. You understand that results from litigation are uncertain and that I have not guaranteed any particular result in this matter.

The Contingent Fee will be calculated as either (i) a percentage of any net recovery (as defined below), or (ii) based on applying our standard hourly rates to the time that we have actually and reasonably spent working primarily on this specific matter (as opposed to time spent primarily on other matters for which you have retained us, even though there is some overlap), whichever is greater. In the event that the net recovery is less than the amount of the Contingent Fee, the amount of the Contingent Fee shall be capped at the amount of the Net Recovery. For 2015, my rate is $580 per hour, the rate for my partners in Washington, DC is $525 per hour. Associates' rates are lower than partners' and may vary based on experience and task performed.

For purposes of calculating a percentage-of-net-recovery-based contingent fee, the applicable percentages will vary based on the source and type of the recovery, as follows:

- Forty percent (40%) of any monies up to $10 million, thirty-five percent (35%) of any monies between $10 million and $25 million, and thirty percent (30%) of any monies greater than $25 million actually paid to you or for your benefit through settlement, by or on behalf of Bisignano or any other defendant in litigation filed or threatened by us on your behalf;

- Forty-five percent (45%) of any monies actually paid, whether through settlement or judgment, by or on behalf of Bisignano or any other defendant, after thirty (30) days from the scheduled start of a trial against such defendant;

- Twenty percent (20%) of any amount of debt reduction that we are able to achieve for you through settlement, judgment, or otherwise; and

As of June 9, 2014  
Page 3

CLINTON BROOK & PEED

- With respect to your combined net income (and being careful to avoid double-counting to the extent that income passes between Eric Inselberg and Inselberg Interactive, LLC) earned from patent licensing or enforcement activities performed primarily by others besides the Firm, twenty percent (20%) of the first $500,000, and ten percent of any and all net income thereafter.

Any liability to consulting attorneys or co-counsel engaged by the Firm will be paid out of the Firm's contingent fee. We have discussed the possibility that these percentages may be revised in order to facilitate the addition of another elite law firm as co-counsel in the matter, and we have agreed that we will confer about such changes if and when it becomes necessary.

In the event that counterclaims are filed against you involving substantially the same facts and legal issues as your claims against the defendants, we will defend you against such counterclaims within the scope of this engagement and on the payment terms specified herein, so long as it is not the case that all of your claims have been dismissed.

In the course of the engagement, we may incur certain costs and expenses in addition to the fee for legal services. Enclosed as Attachment A is a list of standard charges, which may be incurred during the course of the engagement. There are other costs and expenses, such as filing fees, deposition service costs, electronic discovery expenses, expert and other witness fees, and other out-of-pocket expenses, all of which also will be charged to you in addition to legal fees. You agree to be responsible for all such fees and expenses.

Within fourteen days of filing any lawsuit, you agree to remit payment to us reimbursing all filing costs and to provide a separate refundable retainer in the amount of $2,500.00, which will be deposited into one of the Firm's trust accounts. The retainer may only be used for purposes of covering expenses, and may not be used by us in whole or in part as a fee payment without your express written consent.

If at any time you wish to discuss any matter relating to these billing policies or a specific billing statement, I encourage you to communicate with me.

IV.   CONFLICT OF INTEREST

We have performed a conflict-of-interest review and determined that we do not represent any current client adverse to you in any matter, and have not represented any client in the past adverse to you on a matter that is substantially related to the current engagement for you.

V.   TERMINATION

You may terminate this representation at any time, with or without cause, by providing written notice to us. In that circumstance, your papers and any of your other property will be returned promptly upon our receipt of a written request from you for their return. The termination of this engagement will not affect your responsibility for payment for legal services

As of June 9, 2014  
Page 4

CLINTON BROOK & PEED

rendered and other charges incurred prior to termination or in connection with a transition of the matter to other counsel. At our own expense, we may retain a copy of all files, records and documents related to the matter.

We have the right to withdraw from this representation subject to any applicable professional responsibility rules. Certain circumstances may require us to withdraw from continuing to represent a client. We will identify in advance and discuss with you any situation that might require or lead to our withdrawal from representation.

VI. REVIEW AND RETURN OF LETTER

I ask that you review this letter carefully and let me know if there is any provision that you do not understand. If the terms of this letter are acceptable, please sign this letter and send the original back to me. I recommend that you keep a signed copy of this letter in your files. If you have questions or concerns about any aspect of my services or the relationship at any time, please feel free to contact me.

I thank you for this opportunity to be of service and look forward to working with you on this engagement.

Sincerely,

Brian C. Brook  
Co-Managing Partner

**Accepted and agreed to:**

Inselberg Interactive, LLC

By: Eric Inselberg  
Title: managing member

Eric Inselberg, ~~individually~~