**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC INSELBERG AND INSELBERG INTERACTIVE, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>BRIAN C. BROOK, ESQ.; TIMOTHY R. CLINTON, ESQ.; CLINTON BROOK & PEED; BROOK & ASSOCIATES, PLLC; CLINTON & PEED; and JOHN DOES, ESQS., 1-10 and JANE DOES ESQS., 1-10 (a fictitious designation for presently unknown licensed attorneys, professionals, and/or unknown persons or entities), jointly, severally and in the alternative,<br><br>                Defendants. | Civil Action No. 20-10789<br><br>**OPINION** |

**CECCHI, District Judge.**

    This matter comes before the Court on the separate motions to dismiss (the "Motions") (ECF Nos. 5-6)[1] the amended complaint (the "Amended Complaint") (ECF No. 1-2) by Defendants Brian C. Brook ("Brook"), Brook & Associates, PLLC, and Clinton Brook & Peed[2] (collectively, "Brook Defendants"), Timothy R. Clinton ("Clinton") and Clinton & Peed, PLLC (collectively, "Clinton Defendants").[3] Plaintiffs Eric Inselberg and Inselberg Interactive, LLC (collectively, "Plaintiff") opposed the Motion (ECF No. 14) and the Brook Defendants and Clinton Defendants each replied

---

[1] While the Motions were submitted separately, both incorporate the arguments of the other to avoid repetition.

[2] Clinton Brook & Peed was a general partnership with two partners, Brook & Associates, PLLC and Clinton & Peed PLLC, that dissolved on December 31, 2018. ECF No. 1-3, Ex. C, Brook Cert. in Supp. of Remov., ¶ 10. Defendant Brook is the sole member of Brook & Associates, PLLC. Id. ¶ 11. Defendant Clinton is one of the four members of Clinton & Peed, PLLC. Id. ¶ 13.

[3] The Court refers to both the Brook Defendants and Clinton Defendants collectively as "Defendants."

in support (ECF Nos. 20-21).  Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure, this matter is decided without oral argument.  For the reasons set forth below, the Motions to dismiss are granted.

## I. BACKGROUND

Plaintiffs filed the complaint in this action with the Superior Court of New Jersey on June 24, 2020, asserting what appears to be claims for negligence, malpractice, breach of fiduciary duty, negligent misrepresentation, and breach of contract.  *See* ECF No. 1-1.  The complaint was amended on July 13, 2020, and the Amended Complaint is the operative pleading in this action. ECF No. 1-2.

This dispute, as alleged by Plaintiff, arises from Defendants' former representation of Plaintiff in two separate matters, one involving the New York Football Giants (the "Giants Case") and the other against Frank Bisignano and First Data Corporation (the "Bisignano Case").  Id. ¶¶ 9, 21.  Plaintiff's main contention regarding the Giants Case revolves around what appears to be a fee dispute.  Plaintiff alleges that the fee agreement stated that Defendants would "receive a 30% contingency fee if a settlement [was] reached after the filing of [the] lawsuit but prior to the trial date[,] and 40% if the case was tried, or if a settlement [was] reached any time from the trial date forward."  Id. ¶ 13.  According to the Amended Complaint, the case was assigned a trial date, a date Plaintiff does not specify.  Id. ¶ 16.  Plaintiff contends that "there was never any preparation . . . or expectation that the trial would go forward" on the trial date due to a death in the family of one of the defense lawyers, but nonetheless, the parties still attended court on the unidentified trial date, and a settlement was reached.  Id.  Plaintiff asserts that Defendant Brook then "threatened, coerced and exploited" Plaintiff's post-traumatic stress disorder ("PTSD") to obtain the 40% fee— a fee that Plaintiff believed Defendant Brook was only entitled to if the case was *actually* tried, not just on the date the trial "was first assigned" to occur.  Id. ¶¶ 14-15, 17.  Plaintiff also maintains that Defendant Brook failed to adequately disclose a conflict of interest, and that he threatened to

2

allocate "large amounts of the settlement" to the co-plaintiffs in the Giants Case, who allegedly had "minor claims" when compared to Plaintiff's, but who would owe Defendant Brook a 50% contingency fee.  Id. ¶ 18.  Plaintiff does not provide any facts regarding the amount of money involved, how Plaintiff was otherwise threatened, pertinent dates (including the trial date and settlement date), whether the 40% contingency fee was actually paid by Plaintiff, the inadequacies of Defendant Brook's disclosure letter, or the alleged co-plaintiffs and the details of their respective fee agreements.

As for the Bisignano Case, Plaintiff alleges that Defendant Brook entered into a "facially unreasonable fee" agreement, because it provided for a "20% contingency fee on debt reduction <u>and</u> an hourly rate." Id. ¶ 22 (emphasis in original).  Plaintiff contends that "Defendants engaged in egregious overbilling and duplicate billing," that Defendant Brook mishandled a potential settlement by "fail[ing] to document" it, as well as "advis[ing] Plaintiff to reject a settlement agreement which would have greatly benefitted Plaintiff and negligently advised Plaintiff of his prospects of success in the litigation." Id. ¶¶ 22-24.  Plaintiff also claims that Defendant Brook allegedly recognized his own legal malpractice, and therefore "agreed to waive further fees," but then "reneged on his promise and now has threatened to sue Plaintiff for legal fees." Id. ¶¶ 26-27.  Plaintiff maintains that this was all done to "aggravate Plaintiff's PTSD and cause Plaintiff to forego pursuing his claims for legal malpractice and pay [Defendant] Brook further legal fees." Id. ¶ 28.  Again, Plaintiff provides no facts regarding the amount he was billed, what the hourly rate was, whether the fees were actually paid, the contents of the settlements that were rejected, and the contents of Defendant Brook's alleged negligent advice.

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotation marks omitted).

### III. DISCUSSION

Both Motions argue that the Amended Complaint must be dismissed because Plaintiff has failed to set forth sufficient factual matter to state any claims against anyone, especially under the modern pleading requirements of *Twombly* and *Iqbal*. ECF No. 5-1 at 1; ECF No. 6-1 at 3. In opposition, Plaintiff provides three certifications—one by Eric Inselberg himself, and the other two by non-parties—to supplement the Amended Complaint, and demonstrate that it is sufficiently pleaded. *See* ECF No. 14. In the alternative, Plaintiff argues that should the Court find the Amended Complaint deficient, "the remedy is not a dismissal with prejudice, but rather [Plaintiff] should be given an opportunity to replead." Id. at 2. Defendants contend that it is improper for the

Court to rely on these certifications at this stage of the proceedings.[4]  However, they argue that even if they are considered, Plaintiff still fails to state a plausible claim against any of the Defendants, and this failure demonstrates "that this is the best [Plaintiff] can do," and that "[a]mendment would be futile," and thus, the Court should dismiss with prejudice.  ECF No. 20 at 1-2; *see also* ECF No. 21 at 3.[5]

The Amended Complaint is a vague and confusing document, filled largely with conclusory statements and "threadbare recitals" of the various causes of action.  *Iqbal*, 556 U.S. at 678.  For example, Plaintiff asserts that "Defendant Brook, . . . advised Plaintiff to reject a settlement which would have greatly benefited Plaintiff and negligently advised Plaintiff of his prospects of success in the litigation."  ECF No. 1-2 ¶ 24.  This type of allegation is far too conclusory and devoid of factual matter to withstand a 12(b)(6) motion.  *See Iqbal*, 556 U.S. at 678.  What were the settlement terms rejected?  How would Plaintiff have "greatly benefitted" compared to what he ended up receiving?  Another example involves the alleged fee dispute in the Giants Case; without basic information like the trial date and settlement date of the Giants Case, it cannot be discerned what fee was owed to Defendants.  If the settlement date was after the trial date, then according to Plaintiff's very own allegations, Defendants were entitled to the 40% contingency fee.  *See* ECF

---

[4] The Court agrees with Defendants that, as a matter of law, it cannot consider "supplemental factual allegations in [a] Certification," *McMahon v. General Dynamics Corp.*, 933 F. Supp. 2d 682, 696 (D.N.J. 2013), that are not "integral to or expressly relied" on in the Amended Complaint without converting the Motions to summary judgment.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted).  Thus, neither the certifications nor Plaintiff's brief may amend the deficiencies in the Amended Complaint.  *Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[T]he legal theories set forth in [the] brief are helpful only to the extent that they find support in the allegations set forth in the complaint.").  Nevertheless, the Amended Complaint will be dismissed without prejudice to give Plaintiff an opportunity to replead and correct these deficiencies.

[5] At this time, the Court need not consider the public record, the contingency agreements, and the alleged modifications to said agreements that Defendants refer to in order to dismiss this matter.  However, the Court notes that Plaintiff should take care to accurately address these matters in the amended pleading, or it will remain susceptible to dismissal with prejudice.

No. 1-2 ¶ 13.  Further, Plaintiff proffers a claim of negligent misrepresentation, but fails to provide any detail regarding the nature of the statement made by Defendant Brook.  *See* ECF No. 1-2 ¶¶ 52-54.  This sort of barebones allegation does not pass muster, especially under the heightened pleading requirement of Rule 9(b), because a claim for negligent misrepresentation sounds in fraud.  *See Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85 n.3 (3d Cir. 2015) ("Thus, all of Plaintiffs' claims alleging fraudulent activity—i.e., Plaintiffs' claims for intentional and negligent misrepresentation . . . must be pled with sufficient particularity under Rule 9(b).").

The Amended Complaint is also lacking in any factual allegations related to injury or damages, whether they be connected to the Giants Case or the Bisignano Case.  Without basic information regarding Plaintiff's alleged financial losses including the amount of fees, whether the fees were actually paid, the hourly rates involved, the content of the allegedly improper bills (and why they were improper), or how the rejected settlement "would have greatly benefitted" Plaintiff, the proffered causes of action are not viable, as all require that damages be adequately pleaded.  *See* ECF No. 6-1 at 4-7 (list of Plaintiff's asserted claims and the essential elements of each).  Simply put, substantially more factual matter is needed to survive further 12(b)(6) attacks.

IV. **CONCLUSION**

For the reasons stated above, the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  To the extent the pleading deficiencies identified by this Court can by cured by way of amendment, Plaintiff is hereby granted thirty days (30) to file an amended pleading.  An appropriate Order accompanies this Opinion.

**DATE:** April 26, 2021

_____
CLAIRE C. CECCHI, U.S.D.J.